IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MELISSA LANAY HAWKINS                                                    PLAINTIFF

v.                               4:25-cv-00286-JM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Melissa Hawkins, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 12-26.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only forty-one years old. (Tr. 248.)  She has a twelfth-grade education, (Tr. 218), and has past relevant work as a cashier and hand packager.  (Tr. 24.)

The ALJ[1] found Ms. Hawkins meets the insured status requirements of the Social Security Act through September 30, 2026.  (Tr. 16.)  She has not engaged in substantial gainful activity since her alleged onset date of June 19, 2021.  (*Id*.)  She has "severe" impairments in the form of borderline personality disorder, low back pain, and post COVID syndrome.  (*Id*.)  The ALJ further

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

found Ms. Hawkins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-18.)

The ALJ determined Ms. Hawkins had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 19.) Given his RFC finding, the ALJ determined Ms. Hawkins could no longer perform any of her past relevant work. (Tr. 24.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 45-49.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of deli cutter/slicer, housekeeping cleaner, and air purifier servicer. (Tr. 25.) Accordingly, the ALJ determined Ms. Hawkins was not disabled. (Tr. 25-26.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. No. 7 at 6-9.) She says, *inter alia*:

> The Administrative Law Judge in Plaintiff's case did not attempt to obtain critical medical reports concerning the level of work activity that Plaintiff could do on a sustained basis in view of the combination of impairments. Instead, the Administrative Law Judge simply concluded, without medical to suggest such a result, that Plaintiff could perform light work.

(Doc. No. 7 at 7.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the record contains ample medical records to support the ALJ's decision. Plaintiff went to a variety of doctors over the years and those doctors examined her and obtained imaging. (Tr. 538-540.) The numerous examinations in the record reveal nothing disabling. (Tr. 342-343, 356, 399, 411, 414-415, 418, 422, 426, 428-429, 432, 435, 438, 441, 444, 471, 491-492, 494-495, 497-498, 501-502, 504, 519, 523, 525, 527, 529, 606, 607.) As the ALJ concluded, "There is no treating source opinion that the claimant is more limited than as provided in the above residual functional capacity assessment." (Tr. 24.)

Not to belabor this point, but she also underwent a consultative Mental Diagnostic Evaluation and General Physical Examination. (Tr. 483-486, 512-517.) And her medical records were evaluated by two medical doctors and two psychologists. (Tr. 55, 56-58, 74, 87.) The record here was fully developed.

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Plaintiff next argues that the ALJ erred at Step Two of the analysis. (Doc. No. 7 at 9-11.)

Plaintiff says her respiratory disorder, including chronic pulmonary obstructive disorder, as well as her anxiety should have been found to be "severe" impairments.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

After careful review, I find the medical evidence supports the ALJ's decision. The ALJ thoroughly explained his reasoning as to why he concluded Plaintiff's diagnoses were not "severe." The ALJ stated:

> The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity. All other impairments alleged by the claimant, or mentioned in the medical records, including but not limited to chronic obstructive pulmonary disease (COPD)/asthma, gastroesophageal reflux disease (GERD), depression. and anxiety are not severe under Social Security Administration regulations. As discussed below, the medical evidence establishes only a slight

abnormality, a combination of slight abnormities or impairments that have been rendered non severe because they can be controlled by treatment including medications and therefore have no more than a minimal effect on the claimant's ability to work. Overall, when considered singly and in combination with other impairments, these impairments do not result in a greater degree of functional limitation than that stated in the residual functional capacity as defined in this decision.

(Tr. 17.)

Other than diagnoses, Plaintiff cites nothing specific to indicate the ALJ's determination was incorrect. I find no error here.

Plaintiff argues that the ALJ "failed to properly evaluate the Plaintiff's subjective complaints and apply the *Polaski* factors." (Doc. No. 7 at 11-12.) The ALJ analyzed Ms. Hawkins' symptoms considering Social Security Ruling 16-3p, (Tr. 19), which closely tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). This seminal Eight Circuit case states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Hawkins' subjective complaints.

6

(Tr. 19-24.)  In doing so, the ALJ concluded:

> In reaching the conclusion that the claimant can only perform light work with the additional restrictions stated above, the undersigned has considered the claimant's subjective complaints of pain, the objective medical evidence, and any evidence relating to the claimant's daily activities; the duration, frequency, and intensity of the claimant's pain; the dosage and effectiveness of medication; the objective medical evidence and any evidence relating to the claimant's' s daily activities; the duration, frequency and duration of the claimant's pain; the dosage and effectiveness of medication; and the precipitating and aggravating factors; and functional restrictions. (SSR 16-3p and 20 CFR 416.927).
>
> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the claimant's statements concerning the intensity, persistence and limiting effects including the mental effects of these symptoms, the claimant's testimony, function reports (Exhibits 7E; 11E), pain questionnaires (Exhibits 6E; 10E) and the evidence of record, together with the opinions of examining physicians and State agency medical consultants, the undersigned finds the claimant's alleged limitations are not entirely supported by the record.

(Tr. 24.)

Plaintiff might feel the ALJ has provided boilerplate language that has little meaning or value.  However, the ALJ's conclusions are supported by the objective medical evidence.  As the Commissioner persuasively argues:

> Specifically, the ALJ recognized Plaintiff's history of lung function problems following her COVID diagnosis as well as treatment for back pain, generalized achiness, and mental impairments (Tr. 19-21). The ALJ, however, found that her claims of disabling limitations were unsupported in light of the record as a whole showing that she was a single caretaker for her 9- year-old child and that she homeschooled the child (Tr. 21; see Tr. 261 ("I also homeschool [son]")). The ALJ also noted that Plaintiff performed somewhat extensive daily activities including cooking, cleaning, doing laundry, shopping, and throwing a football with her son on a good day, though she needed to do these activities in 15-minute increments (Tr. 22; see Tr. 241- 48, 260-61). Additionally, Plaintiff reported that she lived next to her father and took him to doctor appointments and to get his medications refilled (Tr. 22; see Tr. 261). Finally, the ALJ noted that Plaintiff reported she was not a social person but could get along with others and go out in public, including going out to eat, shopping, and running errands (Tr. 22; see Tr. 246). Based on all of this evidence, the ALJ reasonably found that Plaintiff's claims of disabling mental and physical impairments were not supported by the record (Tr. 22-23, 24). See 20 C.F.R. § 404.1529(c)(3)(i) (ALJ must consider a claimant's activities).

7

> The ALJ also noted that Plaintiff continued to smoke despite her complaints of breathing problems and her doctors' advice to stop (Tr. 20; see Tr. 399). [ ]
>
> Additionally, the ALJ considered the state agency doctors' assessments—none of which indicated that Plaintiff had work-preclusive physical or mental limitations—in finding her claims unsupported (Tr. 23-24; see Tr. 483-86 (mental evaluation by Mary Jane Sontag, Psy.D.), 54-55 (mental findings by Jennifer Williams, Ph.D.), 56-58 (physical findings by Dr. Campo), 73-74, 76-77 (mental findings by Rachel Morrisey, Ph.D.), (512-17 (physical findings and opinion by Nurse Rice), 75-76 (physical findings by Dr. Harrison)). See 20 C.F.R. § 404.1529(c)(4) (ALJ must consider whether there are conflicts between a claimant's statements and statements by treating and non-treating sources).

(Doc. No. 9 at 9-10.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

I have carefully considered Plaintiff's additional arguments, including that the ALJ's RFC assessment was flawed, and I find no errors. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Hawkins' counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 24th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE